UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-25617-CV-DIMITROULEAS

YUNIESKY MOLINA PEREZ,

Petitioner,

v.

WARDEN, KROME NORTH SERVICE PROCESSING CENTER,

Respondent.
______________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Yuniesky Molina Perez ("Petitioner")'s *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") [DE 1], filed August 18, 2026. The Government has argued that the Petition must be denied because Petitioner is lawfully detained under 8 U.S.C. § 1231 and Petitioner has not shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future under *Zadvydas*. [DE 6 at 4–8]. The Court has considered the Petition [DE 1], Respondent's Response [DE 6], notes that no Reply was filed by Petitioner[1], and is otherwise fully advised in the premises. Upon close consideration, the Petition [DE 1] is **DENIED**.

Section 1231(a) of the INA applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id*. Once the order of removal is finalized, the Government should do its best to execute

---

[1] The Court's August 19, 2026 Order Requiring Expedited Response, Reply permitted Petitioner to file a reply on or before August 28, 2026. [DE 4].

removal during the ninety-day period. *See Zadvydas v. Davis,* 533 U.S. 678, 699–701 (2001). But sometimes the Government does not timely remove the petitioner, so the indefinite detention of an alien "raises serious constitutional concerns." *Sosa v. Warden, Baker Corr. Inst*., No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3 2026). "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.*

Petitioner moves for habeas relief and argues that his post-removal-order detention is unlawful because his detention has become prolonged and his removal is not reasonably foreseeable. [DE 1-1 at 2]. To obtain relief from post-removal-order detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."))

Here, Petitioner has not provided evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas,* 533 U.S. at 701. Petitioner's non-cooperation with Respondent's removal efforts is the only barrier to his removal. *See Oladokun v. U.S. Atty. Gen*., 479 F. App'x 895, 897 (11th Cir. 2012) ("In contrast to the petitioner in *Zadvydas*, who could not be removed because the receiving countries refused to accept him, [Petitioner's] non-cooperation is the only barrier to his removal."). On February 2, 2026, Petitioner was scheduled for removal to Mexico and refused to cooperate. [DE 6-2 ¶ 17]. On that day, Petitioner was served with a Warning for Failure to Depart. [DE 6-8]. On June 23,

2026, Petitioner was served with a Notice of Removal, informing Petitioner that ICE intends to remove him to Mexico. [DE 6-7 at 1]. Petitioner refused to sign the Notice of Removal. [*Id.*]. On July 22, 2026, Petitioner was served with an additional Warning for Failure to Depart, which he again refused to sign. [DE 6-9]. Petitioner does not provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future when he is responsible for thwarting his removal. *Lezama Garcia v. Miami Field Office Director*, 2026 WL 632351, at *6 (S.D. Fla. March 6, 2026); *see also Guo Xing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for a Writ of Habeas Corpus [**DE 1**] is **DENIED**.
2. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.
3. The Clerk shall mail a copy of this order to Petitioner.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of September, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

Yuniesky Molina Perez, *Pro Se*
A# 097767725
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194